**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Germani Cannady,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Colorado Bureau of Investigations, et al.,<br><br>　　　　　Defendants. | No. CV-24-02733-PHX-KML<br><br>**ORDER** |

　　　　Plaintiff Germani Cannady filed a complaint against the "Colorado Bureau of Investigations" and the "Arizona Bureau of Investigations." (Doc. 1.) Cannady also filed an application for leave to proceed without prepaying fees or costs. (Doc. 2.) That application is granted. Having granted that application, the court can assess whether Cannady's complaint states any claims on which relief might be granted. 28 U.S.C. § 1915(e)(1). It does not.

　　　　Cannady appears to allege that she was the victim of identity theft in Colorado. (Doc. 1 at 4.) She alleges "more than 1,500 people have obtained and/or used [her] personal identifying information." (Doc. 1 at 7.) She "informed the proper authorities" in Colorado and her "life was threatened as a result." (Doc. 1 at 4.) Cannady also filed police reports, but those reports were "ignored." (Doc. 1 at 7.) At some point, Cannady moved to Nevada where she was "identified as [her] father's descendant" and required to take responsibility for some of her father's actions. It is not clear how being identified as her father's descendant connects to Cannaday's allegations regarding identity theft. But it appears

Cannady then moved from Nevada to Arizona. The stress of these events caused Cannady to "hear voices (mostly dying) more than 8-10 [times per] week." (Doc. 1 at 8.)

Based on the allegations in the complaint, the events began in Colorado and continued in Nevada. But in the portion of the complaint asking for Cannady to indicate where and when the events "giving rise to [her] claim(s) occur[red]," she wrote "State of Nevada." (Doc. 1 at 4.) As for when the relevant occurred, Cannady wrote "May 2022." (Doc. 1 at 4.) The complaint alleges the relevant events deprived Cannady of her constitutional rights to equal protection and "freedom of choice." (Doc. 1 at 3.)

Cannady's allegations do not support any plausible claim for relief. To begin, the two defendants appear to be state agencies and, if they are, the Eleventh Amendment will prevent this suit from proceeding against them. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) ("The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature."). Even if the agencies were not protected by the Eleventh Amendment, Cannady could not sue them for actions taken by their employees. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (section 1983 does not allow for liability based solely on acts by employee).

Moreover, viewed liberally, Cannady alleges she was harmed by government agencies failing to act. Absent special circumstances, it does not violate Cannady's constitutional rights when the government fails to act. *See Billie v. Vill. of Channahon, Illinois*, 58 F.4th 905, 906 (7th Cir. 2023) ("[T]he Constitution establishes rights to be free of governmental interference but does not compel governmental intervention to assist persons in distress.").

Next, if the relevant events occurred in Nevada, Arizona may not be the proper location for Cannady to file suit. *See* 28 U.S.C. § 1391(b) (listing appropriate venues). It is unlikely the court would have personal jurisdiction over any Colorado-based defendants. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (outlining when specific personal jurisdiction is appropriate). Finally, if the events occurred in May

2022 and Arizona's statute of limitations applies, the claims in the complaint filed in October 2024 are untimely. *See Krug v. Imbordino*, 896 F.2d 395, 397 (9th Cir. 1990) (Arizona has two-year statute of limitations).

Based on all these flaws, the current complaint does not allege any plausible claims for relief. Cannady could not allege any additional facts consistent with her current complaint that would support any viable claims. *See Oregon Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1073 (9th Cir. 2023) (noting leave to amend need not be granted when plaintiff could not allege additional facts consistent with a prior complaint). The complaint is therefore dismissed without leave to amend.

Accordingly,

**IT IS ORDERED** the Application for Leave to Proceed In Forma Pauperis (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter a judgment of dismissal without prejudice and close this case.

Dated this 15th day of October, 2024.

Honorable Krissa M. Lanham
United States District Judge